UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No.  04-10053-RCL |
| | ) | |
| | ) | |
| **ONIX FIGUEROA** | ) | |

**JOINT STATUS REPORT ON MOTION TO REDUCE SENTENCE**

The defendant has filed a Motion to Reduce Sentence pursuant to 18 U.S.C. §3582(c).  The Court has appointed Attorney Jessica Hedges to represent the defendant in connection with this motion.  The parties are hereby filing this Status Report regarding the motion and their respective positions with respect to it and advise the Court as follows:

A. Eligibility

The parties agree that the defendant is not entitled to a sentence reduction because he was subject to the 5-year mandatory minimum sentence set forth in 21 U.S.C. §841(b)(1)(B).  Because his sentence did not therefore arise under the crack cocaine provisions of U.S.S.G. §2D1.1 but was rather required by statue, there is no basis to reduce the defendant's sentence under the 2007 Crack Cocaine amendments to the United States Sentencing Guidelines.  E.g., United States v. Draughon, 2008 WL 320775 (S.D. Ohio 2008) ("defendant is not entitled to a reduction of her sentence of 120 months, which is the mandatory minimum

sentence required for an offense involving over fifty grams of cocaine base"); United States v. Thurman, 2008 WL294537 (D.Me. 2008) ("After reviewing the file, the Court has determined that this Defendant was sentenced to 120 months because that is mandatory minimum sentence allowed under 21 U.S.C. § 841(b)(1)(A). Because this sentence is required by statute, the Court may not reduce the sentence even if the amended Guidelines would yield a lower Guideline range."). See also U.S.S.G. §1B1.10 (a)(2)(B) and Application Note 1(a) (a reduction is not consistent with this policy statement and is not authorized under 18 U.S.C. § 3582(c)(2) if the amendment does not have the effect of lowering defendant's applicable guideline range, as in cases where the statutory mandatory minimum term of imprisonment controls).

   B.   Revised Guideline Calculation

   Because the defendant remains subject to a 5-year mandatory minimum sentence, any change in his guideline range is not material in this matter because the mandatory minimum still must apply.

   As a result of the 2007 amendments to U.S.S.G. §2D1.1, the defendant has a Base Offense Level of 24, a Total Offense Level of 21 and, at a CHC of III, a guideline range of 60 months.

   C.   Recommendation

   The parties agree that no reduction in this case is permissible because of the mandatory minimum.

D. <u>Hearing</u>

The parties agree that no hearing is needed in this case.

E. <u>Earliest Release Date</u>

Defendant's present projected release date is 6-26-08.

F. <u>Briefing Schedule on Issues</u>.

No briefing is needed.

G. <u>Transcript</u>

None is required.

H. <u>Plea Agreement</u>

In view of the foregoing, the parties agree that the plea agreement is not needed to resolve the motion.

```
                         Respectfully submitted,

                         MICHAEL J. SULLIVAN
                         UNITED STATES ATTORNEY


                   By:   /a/John A. Wortmann, Jr.
                         JOHN A. WORTMANN, JR.
                         Assistant U.S. Attorney
                         One Courthouse Way
                         Boston, MA
                         (617) 748-3207



                         /s/Jessica Hedges
                         JESSICA HEDGES
                         Hrones, Garrity & Hedges
                         Lewis Wharf
                         Bay 232
                         Boston, MA 02110
                         617-227-4019
                         ATTORNEYS FOR ONIX FIGUEROA
```

Case 1:04-cr-10053-RCL    Document 76    Filed 04/22/2008    Page 4 of 4